**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | No. CV-07-1915-PHX-FJM |
| ) | |
| Mathon Fund, LLC, et al. ) | **ORDER** |
| ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| Mathon Participating Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Denny Barney, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The court has before it defendant's motion to withdraw the reference of the adversary proceeding from the bankruptcy court (doc. 2). The plaintiff has not objected.

Plaintiff Mathon Participating Trust filed a complaint against defendant Denny Barney seeking the avoidance and recovery of alleged fraudulent transfers. When a defendant is sued in an adversary proceeding to recover a fraudulent transfer, the defendant has a Seventh Amendment right to a jury trial provided that he has not filed a claim against the bankruptcy estate. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 64-65, 109 S. Ct. 2782, 2802 (1989); Langenkamp v. Culp, 498 U.S. 42, 45, 111 S. Ct. 330, 331 (1990). A bankruptcy judge may

1  conduct a jury trial only if specially designated to exercise such jurisdiction by the district
2  court and with the express consent of all the parties.  28 U.S.C. § 157(e).
3     Because defendant has not filed a claim against the bankruptcy estate he is entitled to
4  a jury trial.  However, even where a constitutional right to a jury trial exists, a bankruptcy
5  court may retain jurisdiction over pre-trial matters, including dispositive motions.  <u>Sigma
6  Micro Corp. v. Healthcentral.com (In re Healthcentral.com)</u>, 504 F.3d. 775, 787-88 (9th Cir.
7  2007).  In the interest of "promot[ing] judicial economy and efficiency by making use of the
8  bankruptcy court's unique knowledge of Title 11 and familiarity with the action[ ] before
9  [it]," <u>id.</u>, we decline to withdraw the reference at this early stage of the adversary proceeding.
10 The bankruptcy court will preside over the discovery and dispositive motion phases of the
11 adversary proceeding.  We will entertain a new motion to withdraw the reference in the
12 unlikely event a jury trial is needed.
13     Therefore, **IT IS ORDERED DENYING** defendant's motion to withdraw the
14 reference of the adversary proceeding (doc. 2).
15     DATED this 30th day of November, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge